UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>-v-<br><br>STEFAN VAN DER END,<br><br>　　　　　　　　　Defendant. | No. 16-cr-453 (RJS) |
| STEFAN VAN DER END,<br><br>　　　　　　　　　Petitioner,<br><br>-v-<br><br>UNITED STATES OF AMERICA,<br><br>　　　　　　　　　Respondent. | No. 21-cv-8497 (RJS)<br><br>MEMORANDUM<br>& ORDER |

RICHARD J. SULLIVAN, Circuit Judge:

　　Petitioner Stefan Van Der End, proceeding *pro se*, moves pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct his conviction and sentence following his guilty plea to one count of manufacturing and distributing, and possessing with intent to manufacture and distribute, five kilograms and more of mixtures and substances containing a detectable amount of cocaine on board a vessel subject to the jurisdiction of the United States, in violation of 46 U.S.C. § 70503, and one count of conspiracy to do the same. (Doc. No. 194 ("Pet.").)[1] Van Der End argues that his guilty plea was taken in violation of Federal Rule of Criminal Procedure 11 because he was not properly apprised of the elements of the Maritime Drug Law Enforcement Act ("MDLEA") offenses to which he pleaded guilty and because there was not a sufficient factual basis for his plea.

---

[1] Unless otherwise specified, all record citations are to case number 16-cr-453. References to the petition's page numbers correspond to the pagination on the docket, not to the petition's own internal pagination.

(*See id.* at 17–22.) Van Der End also claims that his lawyers provided ineffective assistance when they failed to move to dismiss the indictment for unnecessary delay and government misconduct and failed to object to the Court's application of two sentencing enhancements under the United States Sentencing Guidelines (the "Guidelines"). (*See id.* at 23–30.) For the reasons set forth below, the petition is DENIED.

## I. BACKGROUND

On May 24, 2016, the United States Coast Guard detained Van Der End, a citizen of the Netherlands, and two other foreign nationals on board a sailboat carrying approximately 1,300 kilograms of cocaine from Grenada to Canada. (*See* Presentence Investigation Report ("PSR") ¶¶ 16–21.) After boarding the sailboat and discovering bales of cocaine stored throughout the vessel, the Coast Guard officers noticed that water had begun leaking into the boat from a large pipe that had been cut while Van Der End was below deck. (*See id.* ¶ 18.) The officers were able to remove twenty-two bales, yielding approximately 648 kilograms of cocaine, before the sailboat sank. (*See id.* ¶¶ 19, 21.) The Coast Guard ultimately transported Van Der End and the other two crewmembers to the Southern District of New York, where they were charged in a two-count indictment. (*See id.* ¶¶ 1–3.) On May 4, 2017, Van Der End pleaded guilty to both counts of the indictment without a plea agreement. (*See id.* ¶ 5.)

On September 8, 2017, the Court sentenced Van Der End to 300 months' imprisonment, to be followed by five years of supervised release. (*See* Doc. No. 132 at 32.) In calculating Van Der End's sentencing range under the advisory Guidelines, the Court concluded that (1) the offenses involved more than 450 kilograms of cocaine, (2) Van Der End was a navigator of the vessel, (3) Van Der End obstructed justice by cutting the pipe on the vessel and causing it to sink, (4) Van Der End accepted responsibility by pleading guilty, and (5) Van Der End had no criminal-history

points, resulting in a range of 292 to 365 months' imprisonment. (*See id.* at 13–15.) In imposing sentence, the Court emphasized, among other things, Van Der End's previous conviction in France for trafficking approximately 1.5 tons of cocaine.[2] (*See id.* at 28–29.) Although Van Der End appealed his conviction, the Second Circuit affirmed the conviction and sentence in all respects. *See United States v. Van Der End*, 943 F.3d 98 (2d Cir. 2019).[3]

Van Der End now moves to vacate, set aside, or correct his conviction and sentence under section 2255, arguing that (1) his guilty plea was taken in violation of Rule 11 because he was not made sufficiently aware of the elements of the offenses to which he pleaded guilty and there was an insufficient factual basis for the plea; (2) his counsel was ineffective for failing to move to dismiss the indictment on the grounds of an unreasonable delay in his presentment and government misconduct while Van Der End was transported to New York by the Coast Guard; and (3) his counsel was ineffective for failing to challenge the application of sentencing enhancements for being a navigator and for obstructing justice. (*See* Pet. at 17–30.)

## II.   LEGAL STANDARD

A federal prisoner may move to vacate, set aside, or correct a sentence on the basis that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the

---

[2] Although the Guidelines do not assign criminal-history points for foreign convictions, a district court may consider such convictions as relevant conduct to the "the history and characteristics of the defendant" and the need to "protect the public from further crimes of the defendant." 18 U.S.C. § 3553(a); *see United States v. Jordan*, No. 23-6163, 2024 WL 2764399, at *3 (2d Cir. May 30, 2024); *see also* U.S.S.G. § 4A1.2(h) (providing that "[s]entences resulting from foreign convictions are not counted" towards a defendant's criminal-history category but may warrant an upward departure pursuant to U.S.S.G. § 4A1.3 if the criminal-history category substantially underrepresents the seriousness of the defendant's criminal history or the likelihood that the defendant will commit other crimes).

[3] While serving his sentence, Van Der End also moved for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A), commonly known as compassionate release, which permits a court to reduce a defendant's sentence where "extraordinary and compelling reasons warrant such a reduction." Van Der End argued that both the harshness of the prison conditions he experienced during the COVID-19 pandemic and his alleged mistreatment by the Coast Guard following his arrest constituted "extraordinary and compelling reasons" that warranted a sentence reduction. (*See* Doc. No. 188 at 2.) The Court denied that motion (*see* Doc. No. 192), and the Second Circuit affirmed, *see United States v. Van Der End*, No. 21-2079, 2023 WL 193633 (2d Cir. Jan. 17, 2023).

court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). "Because collateral challenges are in tension with society's strong interest in the finality of criminal convictions, the courts have established rules that make it more difficult for a defendant to upset a conviction by collateral, as opposed to direct, attack." *Yick Man Mui v. United States*, 614 F.3d 50, 53 (2d Cir. 2010) (internal quotation marks omitted). One such rule – the procedural-default rule – prevents section 2255 petitioners from raising claims that could have been raised on direct appeal, absent a showing of cause and prejudice. *See United States v. Thorn*, 659 F.3d 227, 231 (2d Cir. 2011). However, a claim that counsel provided constitutionally defective assistance can serve as an exception to the procedural-default rule. *See Harrington v. United States*, 689 F.3d 124, 129–30 (2d Cir. 2012); *see also Gideon v. Wainwright*, 372 U.S. 335, 339–45 (1963). To succeed on a claim of ineffective assistance of counsel, the petitioner must show that (1) the counsel's representation "fell below an objective standard of reasonableness" according to "prevailing professional norms" and (2) "the deficient performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687–88 (1984). In conducting this inquiry, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689.

### III.   DISCUSSION

**A.   Rule 11 Violations**

Rule 11 provides that, before accepting a guilty plea, the district court must "inform the defendant of, and determine that the defendant understands, . . . the nature of each charge to which the defendant is pleading" and "must determine that there is a factual basis for the plea." Fed. R. Crim. P. 11(b)(1)(G), (b)(3). Here, the indictment charged Van Der End with engaging in

4

drug-trafficking activity while "on board a vessel subject to the jurisdiction of the United States" (Doc. No. 13 at 1–2), because the sailboat constituted "a vessel without nationality" for purposes of the MDLEA, 46 U.S.C. § 70502(c)(1)(A).  In his petition, Van Der End argues that his guilty plea violated Rule 11, both because he did not understand the elements of the offense to which he was pleading guilty and because there was no factual basis as to the vessel being without nationality.  (*See* Pet. at 17–22.)  Both arguments are without merit.

As an initial matter, Van Der End's Rule 11 challenge is procedurally barred because he failed to raise it on direct appeal.  *See Yick Man Mui*, 614 F.3d at 54 (explaining that a defendant can overcome the procedural-default rule only by "show[ing] cause for failing to raise the claim at the appropriate time and prejudice from the alleged error" (internal quotation marks omitted)); *see also United States v. Dominguez Benitez*, 542 U.S. 74, 83 n.9 (2004) (explaining that a section 2255 petition "is open only in the most egregious cases" of Rule 11 violations).  Because Van Der End's petition does not even attempt to explain why he failed to raise his Rule 11 challenges on direct appeal, the Court sees no reason to overlook his procedural default in this case.

Moreover, even if the Court were to liberally construe Van Der End's petition as raising an ineffective-assistance claim in connection with his Rule 11 challenges (*see, e.g.*, Pet. at 4, 17), his challenges would still fail.  *First*, any claim that Van Der End's lawyers were ineffective for not objecting on appeal to the Court's recitation of the elements of the offenses to which he pleaded guilty (*see id.* at 17–18, 22) fails because such an objection would have been meritless.  As the Second Circuit made clear in rejecting Van Der End's direct appeal, the "[j]urisdiction of the United States with respect to a vessel subject to this chapter is *not an element of an offense*" and is instead a "preliminary question[] of law."  *Van Der End*, 943 F.3d at 102 (emphasis added) (internal quotation marks omitted).  It is therefore of no moment that Van Der End did not allocute

to his awareness of the vessel's nationality or statelessness. *See United States v. Epskamp*, 832 F.3d 154, 167 (2d Cir. 2016) (explaining that the Second Circuit has "repeatedly refused to find knowledge of the jurisdictional fact to be an essential element in prosecutions under various criminal statutes requiring, for instance, that the criminal acts affect interstate or foreign commerce" (alterations accepted and internal quotation marks omitted)); *see also* 46 U.S.C. § 70504(a) ("Jurisdictional issues arising under this chapter are preliminary questions of law.").

Furthermore, the factual record in this case belies any contention that Van Der End was oblivious to the potential significance of the sailboat's statelessness at the time he pleaded guilty. Indeed, the transcript from the plea hearing reflects that defense counsel and Van Der End planned to appeal this issue, and that Van Der End himself understood the implications of his guilty plea with respect to this issue. (*See* Doc. No. 99 ("Plea Tr.") at 46–48.) In light of this record, there is no basis for the Court to conclude that defense counsel was ineffective for failing to raise a Rule 11(b)(1)(G) objection during the change-of-plea hearing.[4]

*Second*, to the extent Van Der End argues that his lawyers were ineffective for failing to object to the factual basis underlying his plea pursuant to Rule 11(b)(3) (*see* Pet. at 21), that claim is equally baseless. In short, the Second Circuit already concluded on direct appeal that the government presented sufficient evidence of the sailboat's statelessness to sustain a conviction under the MDLEA, even without an admission from Van Der End on this issue. *See Van Der End*, 943 F.3d at 103–04. Van Der End therefore cannot show either that his lawyers were deficient for

---

[4] Van Der End repeatedly asserts – in reliance on dicta in *United States v. Prado*, 933 F.3d 121, 139 n.9 (2d Cir. 2019) – that he was inadequately informed regarding his right to have the question of the sailboat's statelessness submitted to a jury. (*See* Pet. at 19, 22.) However, Van Der End himself recognizes that the Second Circuit's guidance that "trial courts might be well advised . . . to submit the issue of jurisdiction over the vessel to the jury" before proceeding to trial in an MDLEA case, *Prado*, 933 F.3d at 139 n.9, was merely a "suggest[ion]" rather than an established jury right (Pet. at 22). Van Der End's arguments to this end therefore cannot support a plausible Rule 11 violation, let alone any argument that counsel was ineffective for failing to raise a Rule 11 objection on this basis.

6

failing to raise a Rule 11(b)(3) objection or that he was prejudiced by his lawyers' failure to raise such an objection at the change-of-plea hearing.

*Third*, Van Der End conclusorily asserts that the Court's "failure to inform [him] of his right to have the jury determine drug quantity is [a] ground[] to vacate" his conviction and sentence. (Pet. at 23.) But this argument is barred by the procedural-default rule as it could have been raised on direct appeal. *See Thorn*, 659 F.3d at 231. Moreover, the transcript from Van Der End's change-of-plea hearing clearly reflects that he was informed that each count of the indictment attributed to him five kilograms or more of cocaine, the Court informed him of his right to a "speedy and public trial by a jury on the charges contained in the indictment," Van Der End confirmed he understood that right, and he admitted that he "knew that there were more than 5 kilos on board" the sailboat. (Plea Tr. at 9, 19–20, 37.) As a result, Van Der End's petition, even liberally construed, cannot plausibly raise any ineffective-assistance claim in connection with drug quantity.

*Finally*, Van Der End contends that the plea proceedings should have been conducted in his native language, Dutch, rather than in English, which Van Der End now contends he speaks "conversational[ly] at best." (Pet. at 27.) But the record shows that throughout the plea and sentencing proceedings, Van Der End responded to questions readily and intelligently in English and, when asked by the Court if he was comfortable proceeding in English, he responded, "Yes. I'm quite comfortable, yes." (Plea Tr. at 5.) Accordingly, there is no reason to conclude that his lawyers' failure to challenge the language of the plea hearing constituted ineffective assistance.

For all these reasons, the Court rejects Van Der End's arguments that his rights under Rule 11 were violated.

B.     **Ineffective Assistance of Counsel for Failing to Move to Dismiss Indictment**

Van Der End next argues that his lawyers were ineffective because they did not move to dismiss the indictment based on an allegedly unnecessary delay in his presentment and purported government misconduct while he was being transported to New York by the Coast Guard. (*See* Pet. at 23–27.)

Although Van Der End was detained by the Coast Guard for approximately nine days while he was on the high seas being transported to the Southern District of New York (*see* PSR ¶¶ 18–22), this did not constitute "unnecessary delay," particularly when compared to other MDLEA cases in which courts have upheld even longer periods of transport. *See, e.g.*, *United States v. Aragon*, No. 15-cr-292 (PGG), 2017 WL 2889499, at *14 (S.D.N.Y. July 5, 2017) (holding that sixteen days of transport did not constitute an unnecessary delay where defendants were apprehended hundreds of miles from the mainland in the Pacific Ocean); *United States v. Torres-Iturre*, No. 15-cr-2586 (GPC), 2016 WL 2757283, at *3–4 (S.D. Cal. May 12, 2016) (holding that twenty-one days to bring defendants to San Diego was not an unnecessary delay where defendants were arrested 2,439 nautical miles from San Diego); *United States v. Savchenko*, 201 F.R.D. 503, 506 (S.D. Cal. 2001) (explaining that sixteen days was "more than reasonable" for transport from a location approximately 500 nautical miles from Mexico to the Southern District of California); *United States v. Aguino-Ramos*, 406 F. Supp. 3d 1308, 1311 (S.D. Ala. 2019) (finding that thirty-two days was not an unreasonable length of time to travel 1,800 nautical miles to a Florida court). Moreover, the Second Circuit has stated that the appropriate remedy for an unnecessary delay in presentment is the exclusion of any evidence illegally obtained as a result of the delay (*e.g.*, a defendant's statements), rather than the dismissal of the indictment. *See United States v. Peeples*, 962 F.3d 677, 686 (2d Cir. 2020). Therefore, counsel was not ineffective because a motion to dismiss the indictment for unnecessary delay in presentment would have been meritless. *See*

8

*Johnson v. United States*, 779 F.3d 125, 130 (2d Cir. 2015) ("[C]ounsel's failure to [raise the arguments that defendant] advances now was not objectively unreasonable, since those arguments are . . . meritless.").

Van Der End's assertion of government misconduct, which is premised on his exposure to the elements while aboard the Coast Guard vessel, fares no better. To dismiss an indictment for government misconduct, the defendant must show that the government conduct was "so offensive that it shocks the conscience," which "ordinarily involve[s] coercion or a violation of the defendant's person." *United States v. Walters*, 910 F.3d 11, 27 (2d Cir. 2018) (alterations accepted and internal quotation marks omitted). Van Der End's account of the transport simply does not rise to the level of government "conduct of the most outrageous and reprehensible kind" to warrant the extraordinary remedy of "nullification of the indictment." *United States ex rel. Lujan v. Gengler*, 510 F.2d 62, 65–66 (2d Cir. 1975). Moreover, the government's conduct in bringing a defendant before a court rarely divests that court of jurisdiction over the defendant. *See United States v. Alvarez-Machain*, 504 U.S. 655, 670 (1992) ("The fact of [a defendant's] forcible abduction does not therefore prohibit his trial in a court in the United States for violations of the criminal laws of the United States."); *United States v. Crews*, 445 U.S. 463, 474 (1980) ("[Defendant] cannot claim immunity from prosecution simply because his appearance in court was precipitated by an unlawful arrest."); *Brown v. Doe*, 2 F.3d 1236, 1242 (2d Cir. 1993) (affirming denial of habeas petition seeking dismissal of indictment where defendant was beaten by law-enforcement officers while in detention, and noting that because "the wrong committed by the police has its own remedies," it was "unnecessary to remedy that wrong by absolving [a defendant] of his own crime"). Van Der End's counsel was again not ineffective because a motion

for dismissal of the indictment based on government misconduct would have been meritless. *See Johnson*, 779 F.3d at 130.

C.  **Ineffective Assistance of Counsel for Failing to Object to Sentencing Enhancements**

Van Der End also argues that his lawyers were ineffective at sentencing because they failed to challenge the Court's application of the navigator and obstruction-of-justice enhancements under the advisory Guidelines. (*See* Pet. at 27–30.) With respect to the former, Van Der End mischaracterizes the record, which clearly reflects that his counsel *did* contest the application of that enhancement. Indeed, in Van Der End's sentencing submission dated August 24, 2017, defense counsel specifically requested that the Court withhold application of the navigator enhancement. (*See* Doc. No. 112 at 3–4.) Moreover, the record demonstrates – and Van Der End does not deny – that he took turns with another crew member steering the sailboat. (*See* PSR ¶ 13; *see also* Pet. at 27 (asserting only that another crew member did "the lion's share of the steering").)

As for the obstruction-of-justice enhancement, the record clearly supports the inference that Van Der End cut a large pipe on the sailboat to scuttle the vessel and prevent the Coast Guard from recovering an additional twenty-two bales of cocaine as evidence. (*See* PSR ¶¶ 18–19, 21.) Van Der End offers no facts or arguments to suggest that his lawyers' decision not to challenge the obstruction enhancement constituted ineffective assistance. The law is clear that counsel "is not required to engage in the filing of futile or frivolous motions." *United States v. Nersesian*, 824 F.2d 1294, 1322 (2d Cir. 1987). As such, the Court cannot find that Van Der End's lawyers were ineffective for failing to raise such an objection to the obstruction-of-justice enhancement at sentencing.

### IV.  CONCLUSION

For the foregoing reasons, Van Der End's petition under section 2255 is DENIED.  As Van Der End has not made a substantial showing of the denial of a constitutional right, the Court will not issue a certificate of appealability.  *See* 28 U.S.C. § 2253(c)(2); *see also Love v. McCray*, 413 F.3d 192, 195 (2d Cir. 2005).  Furthermore, because any appeal would "lack[] an arguable basis in law or fact," *Tavarez v. Reno*, 54 F.3d 109, 110 (2d Cir. 1995), the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Memorandum and Order would not be taken in good faith, and therefore Van Der End may not proceed *in forma pauperis*, *see Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).  The Clerk of Court is respectfully directed to terminate the motions pending at Doc. No. 194 in Case No. 16-cr-453 and Doc. No. 1 in Case No. 21-cv-8497; to close Case No. 21-cv-8497; and to mail a copy of this Order to Van Der End.

SO ORDERED.

Dated:     March 3, 2025
           New York, New York

                                              _____
                                              RICHARD J. SULLIVAN
                                              United States Circuit Judge
                                              Sitting by Designation